**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE      )
                                    )
      v.                       )
                                    )  I.D. No. 2008003722
LLOYD SMITH,         )
                                    )
          Defendant.     )

## ORDER

Submitted: April 27, 2023
Decided: June 7, 2023

**AND NOW TO WIT,** this 7th day of June 2023, upon consideration of Lloyd Smith ("Defendant")'s Motion for Modification/Reduction of Sentence under Superior Court Criminal Rule 35, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1.      On August 26, 2021, Defendant pled guilty to Possession of a Firearm During the Commission of a Felony (PFDCF), Carrying a Concealed Deadly Weapon (CCDW), and Conspiracy Second Degree.[1]  On November 5, 2021, for the PFDCF charge, Defendant was sentenced to ten years at Level V, suspended after four years, followed by one year at Level IV DOC discretion and transitioning Level III of probation.[2]  For the CCDW charge, Defendant was sentenced to two years at Level V, suspended for two years at Level III; and, for the Conspiracy Second

---

[1] D.I. 23.
[2] D.I. 30.

Degree charge, one year at Level V, suspended for one year at Level II probation.[3]

2.    On April 8, 2022, Defendant filed his first Rule 35 motion seeking reduction of his Level V sentence.[4]  On October 18, 2022, Defendant filed another Rule 35 motion, requesting to modify his Level IV sentence terms.[5]  Both motions were denied.[6]

3.    On April 24, 2023, Defendant again filed this Motion for Modification. This time, Defendant asks the Court to remove the Level IV sentence and allow Defendant to receive the Level III sentence for two years after completion of his Level V sentence.

4.    Under Rule 35(b), the Court may reduce the "term or conditions of partial confinement or probation, at any time."[7]  But, "[t]he court will *not* consider *repetitive* requests for reduction of sentence."[8]  A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[9]   The repetitive motion bar applies to the request for reduction or modification of a term of partial confinement or probation.[10]

---

[3] D.I. 30.
[4] D.I. 29.
[5] D.I. 30.
[6] D.I. 31.
[7] Del. Super. Ct. Crim. R. 35(b).
[8] *Id.* (emphasis added).
[9] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[10] *See Teat v. State*, 31 A.3d 77, 2011 WL 4839042, at *1 (Del. 2011) (Table); *State v. Weidlow*, 2015 WL 1142583, at *1–2 (Del. Super. Ct. Mar. 11, 2015).

Defendant's request is barred as repetitive. Rule 35 does not allow the Court to use its discretion to ignore this bar.[11]

**IT IS SO ORDERED** that the Motion for Modification of Sentence is **SUMMARILY DISMISSED.**


/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Defendant
       Department of Justice
       Investigative Services

---

[11] *Culp*, 152 A.3d at 145 (reversing the Superior Court's decision to grant the defendant's motion for modification where the motion was repetitive and untimely).